575 A.2d 666

**Charles F. HENRY, Appellant,**

**v.**

**Andrew McCRUDDEN, Philadelphia Electric Company, Commonwealth of Pennsylvania, Department of Transportation and Interspace Corporation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1990.

Decided May 22, 1990.

Petition for Allowance of Appeal
Denied Dec. 21, 1990.

---

234

Carmen P. Belefonte, with counsel, Rodger L. Mutzel, Cherry, Ferrara, Mutzel, Belefonte, McFadden & Wesner, Media, for appellant.

James C. Brennan, Rankin, Brennan & Donaldson, Media, for appellee, Philadelphia Elec. Co.

Robert L. Gallagher, Deputy Atty. Gen., with him, Ernest D. Preate, Atty. Gen., for appellee, Com. of Pennsylvania.

Kevin J. Ruane, Philadelphia, for appellee, Andrew McCrudden.

Before COLINS, PALLADINO and PELLEGRINI, JJ.

PALLADINO, Judge.

Charles F. Henry (Appellant) appeals from an order of the Court of Common Pleas of Delaware County (trial court) denying Appellant's motion for post-trial relief. We affirm.

Appellant, a motorcycle police officer, was injured while in pursuit of another motorcycle operator. Appellant lost control of his motorcycle and struck a Philadelphia Electric Company (PECO) utility pole on the side of the roadway. Appellant sustained serious physical injuries.

Appellant brought suit alleging that PECO negligently installed and maintained the pole in a location that created a hazardous condition and that Department of Transportation (DOT) negligently designed, constructed, and maintained the road. Following a jury trial, trial court submitted special interrogatories to the jury in which the jury found that neither PECO nor DOT was negligent. A jury verdict was entered in favor of Appellees. Appellant filed a motion

for post-trial relief requesting a new trial which was denied. Appellant filed this appeal.[1]

■ Appellant raises two issues on appeal:[2] (1) whether trial court erred in refusing to grant Appellant a new trial because of four evidentiary rulings; and (2) whether the jury's verdict was against the weight of the evidence.

As to the first issue, Appellant argues that trial court made four erroneous evidentiary rulings. Specifically, Appellant asserts that trial court erred by: 1) permitting PECO expert David Schorr to testify as to what would have happened if Appellant had not impacted with the pole; 2) precluding Appellant from introducing evidence that PECO had relocated the pole subsequent to the accident; 3) permitting the testimony of PECO expert James J. McKenna (McKenna) who testified that Appellant's motorcycle pursuit was contrary to police procedure; and 4) precluding Appellant from presenting rebuttal expert testimony regarding the propriety of Appellant's motorcycle pursuit.

■ Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be disturbed absent a clear indication that discretion has been abused. *Juniata Foods, Inc. v. Mifflin County Development Authority*, 87 Pa.Commonwealth Ct. 127, 486 A.2d 1035 (1985).

■ As to the first allegation of error, Appellant argues that his burden of proof was enlarged when trial court permitted PECO's witness to testify as to what would have happened to Appellant had he not collided with the pole.

1. PECO joined as an additional defendant Interpace Corporation. Trial court severed PECO's action against Interpace and the trial proceeded only against Andrew McCrudden, the operator of the motorcycle which Appellant was pursuing, PECO and DOT. Trial court granted McCrudden's motion for compulsory non-suit. Appellant did not appeal that decision.

2. Our scope of review of a decision of a trial court denying a motion for a new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Sacco v. City of Scranton*, 115 Pa.Commonwealth Ct. 512, 540 A.2d 1370 (1988).

Appellant asserts that this ruling [3] forced Appellant to offer testimony to prove that he would not have sustained injury had he not struck the pole.

In a negligence action, a plaintiff has the burden of proving that the defendant's negligence was a substantial cause of plaintiff's injuries. *Barber v. John C. Kohler Co.*, 428 Pa. 219, 237 A.2d 224 (1968). Defendant's negligence is not a substantial factor if the harm would have been sustained even if the actor had not been negligent. *Id.* See *Frangis v. Duquesne Light Co.*, 232 Pa.Super. 420, 335 A.2d 796 (1975) (telephone pole was not the cause of plaintiff's injuries when plaintiff's vehicle went end over end and struck a telephone pole).

Appellant alleges that PECO was negligent in placing the pole too near the road. It is incumbent upon Appellant to prove that the negligent placement of the pole was a cause of his injuries. The fact that PECO is permitted to introduce testimony regarding the dynamics of the accident had the pole not been so located in an attempt to rebut Appellant's claim that the pole was a cause of the injuries does not expand Appellant's burden of proof. Consequently, we hold that trial court did not abuse its discretion in permitting the testimony of an expert attempting to prove that the harm would have been sustained even if the actor was negligent.

Appellant next argues that trial court erred by granting PECO's motion in limine which precluded Appellant from introducing evidence that PECO had relocated the pole subsequent to the accident. Appellant asserts that this evidence was not attempting to prove antecedent negligence but rather that relocation was feasible and was a caution which was not costly or burdensome to PECO in relation to the risk involved.

---

3. Appellant filed a motion in limine with trial court to preclude the testimony of Mr. Schorr. Trial court denied the motion. Appellant presented the testimony of Steven Batterman to rebut the anticipated testimony of Mr. Schorr. Appellant reiterated the argument presented in the motion in limine when Mr. Schorr testified for PECO.

■ Evidence of subsequent remedial measures is inadmissible for the purpose of imputing antecedent negligence, although such evidence is admissible if competent for another purpose so long as it is qualified by instructions to the jury to use the evidence only for the purpose for which it was received. *Mendenhall v. Department of Transportation*, 113 Pa.Commonwealth Ct. 550, 537 A.2d 951, *petition for allowance of appeal denied*, 520 Pa. 610, 553 A.2d 971 (1988).

In its motion in limine, PECO averred ownership and control of the pole in question and stated that it would not advance at trial any claim that it was not feasible to relocate this pole. Trial court held that feasibility of relocating the pole did not relate to any material fact in issue and the only use which the jury could have made of the evidence was to impute antecedent negligence of PECO. *Henry v. McCrudden* (No. 85–10763, filed September 26, 1989).

A review of the record reveals that at no time during the trial did PECO advance a claim that it was not feasible to relocate the pole in question. We hold that trial court did not abuse it discretion in precluding Appellant from introducing evidence as to the feasibility of relocating the pole.

■ As to Appellant's final two allegations of evidentiary error, Appellant asserts that trial court erred in permitting the testimony of expert witness McKenna regarding proper police procedure for motorcycle pursuit. Appellant argues that this expert testimony was inadmissible because the matter could have been adequately described without expert testimony. Appellant next argues that trial court erred in precluding his police procedures expert (police expert) who was to rebut the testimony regarding proper police procedure for motorcycle pursuit. Trial court precluded Appellant's police expert because PECO and DOT were not given advance notice that this expert would be testifying and they were not given police expert's curriculum vitae until the afternoon of the day before police expert was to testify. Appellant argues that he was surprised by McKenna's

testimony and therefore should have been permitted to rebut this testimony despite the late introduction of police expert.

■ An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment. *Hart v. W.H. Stewart, Inc.,* 523 Pa. 13, 564 A.2d 1250 (1989).

It is clear that the testimony involved in these two allegations is related to Appellant's potential contributory negligence. The jury never reached the question of Appellant's contributory negligence because it found PECO and DOT not negligent. Therefore, even assuming that the trial court erred in permitting McKenna's testimony and precluding police expert's testimony, these rulings would be harmless error.

Accordingly, we hold that trial court did not abuse its discretion in making any of the challenged evidentiary rulings.

■ Finally, Appellant argues that the jury verdict was against the weight of the evidence. Appellant argues that it presented the testimony of Steven Batterman, Ph.D. who stated that the pole was improperly located and that the road created a dangerous condition because it was negatively banked. Appellant contends that this testimony was unrefuted and therefore a new trial should be granted.

■ It is proper to grant a new trial on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative so that right may be given another opportunity to prevail. *City of Pittsburgh v. Readie,* 44 Pa.Commonwealth Ct. 72, 403 A.2d 192 (1979).

A review of the record reveals that conflicting expert testimony was presented on the question of whether the road was negligently constructed. A mere conflict in testimony is insufficient to order a new trial. *Sacco.* Based

upon our review of the record in this case, the jury's verdict was not so contrary to the evidence as to shock the court's sense of justice.

Accordingly, we affirm.

## ORDER

AND NOW, May 22, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.