599 A.2d 262

**CONSOLIDATED RAIL CORPORATION, Appellant,**

**v.**

**David S. SHIRK, by his parent and Natural Guardian, Jerry D. SHIRK, and Jerry D. Shirk, in his own right, City of Lebanon and Buchart–Horn, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided Nov. 13, 1991.

David C. Eaton, for appellant.

Wiley P. Parker, for appellees.

Before PALLADINO and McGINLEY, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Consolidated Rail Corporation (Conrail) appeals an order of the Court of Common Pleas of Lebanon County (trial court) denying Conrail's motion for summary judgment, and granting the motion for summary judgment of the City of Lebanon (City).

Jerry D. Shirk initiated an action by filing a complaint against Conrail, on behalf of his son, David S. Shirk, to recover damages for injuries sustained by David when he was injured on Conrail's right of way. The Shirks made the following factual allegations in the complaint: on October 6, 1985, at approximately 9:30 p.m., David took a shortcut through a field to get from one street to another in the City. He walked on Conrail's right of way which consists of existing railroad tracks and an abandoned road bed. When he reached the point at which the railroad tracks and the abandoned roadbed span the Quittapahilla Creek, forming what the parties refer to as two bridges in Conrail's right of way, he fell from Conrail's right of way downward a distance of approximately 18 to 22 feet. The Shirks allege that David was injured by the fall.

Conrail joined the City, alleging that the City:

(a) increased the likelihood of serious injury from a fall as a result of modifications to the channel of the Quittapahilla Creek; and

(b) failed to provide fencing or a barrier or other restraint at the point of David S. Shirk's fall.

Conrail's Complaint against the City at paragraph 8. The City subsequently joined Buchart–Horn, its engineer, as an additional defendant.

Discovery consisted of (1) Conrail's interrogatories to the Shirks, Conrail's request to the Shirks to produce any hospital records, statements of witnesses, bills, and other similar documents related to the accident, and Conrail's interrogatories to the City, all of which were answered; (2) depositions of Jerry Shirk, David Shirk, Ricky Shirk and Thomas Lawson (Ricky and Thomas were with David on the

night of the accident but did not witness his fall); and (3) requests for admissions made by Buchart–Horn to the Shirks, Conrail and the City which have been answered by Conrail and the City only. Conrail moved for summary judgment and filed a supporting affidavit. Shortly thereafter, the City also filed a motion for summary judgment along with an affidavit. The trial court denied Conrail's motion on the ground that material issues of fact were in dispute, but granted the motion of the City on the ground that the City was immune from suit.

On appeal,[1] Conrail raises the following issues: (1) whether the trial court erred in holding that there is no genuine issue of material fact as to whether the City was liable to Conrail for contribution because of the City's maintenance of a dangerous condition of real estate which allegedly caused or contributed to the injury; and (2) whether Conrail is entitled to summary judgment because David was a trespasser, not a licensee, to whom Conrail owed no duty, and because David assumed the risk of injury.

Summary judgment is only appropriate when, after examining the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the movant clearly establishes entitlement to judgment as a matter of law. Summary judgment should be granted only where the pleadings, answers to interrogatories, depositions, admissions and affidavits establish that the movant's right to relief is clear and free from doubt. Pa.R.C.P. No. 1035(a).

▪ As to the first issue, Conrail argues that the trial court's decision is based on two conclusions which are not supported by the record. They are as follows: 1. that David fell from Conrail's bridge which spans the creek and 2. that the City was not responsible for a condition of the

---

1. Our scope of review of an appeal of the entry of summary judgment is to determine whether an error of law has been committed, or an abuse of discretion has occurred. *Peters Township School Authority v. United States Fidelity Guaranty Company*, 78 Pa.Commonwealth Ct. 365, 467 A.2d 904 (1983).

real estate which made it dangerous and which allegedly caused David's injury. Conrail further asserts that it was the unprotected presence of the creek with its vertical concrete channel walls and concrete ledge and bed which created the hazard which resulted in David's accident and injury. Conrail argues that the City had a duty to erect a fence around the creek hazard.

The trial court held that the City had no common law duty to erect a fence, and therefore no cause of action existed for which the City would be liable under sections 8541 and 8542 of what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541–8542.

Those sections provide, in pertinent part, as follows:

**§ 8541. Governmental immunity generally**

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

**§ 8542. Exceptions to governmental immunity**

**(a) Liability imposed.** A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)....

**(b) Acts which may impose liability.** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in possession of the local agency. . . .

In order for the City to be liable in this case, there must be a cause of action at common law which allows recovery of damages on these facts against a person not protected by governmental immunity, and the City or its employees must have been negligent with respect to the care, custody or control of real property. *Gardner v. Consolidated Rail Corporation*, 524 Pa. 445, 573 A.2d 1016 (1990). The elements of a cause of action in negligence are (1) a duty, recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983).

The trial court relied upon *Gardner* and *Scarborough v. Lewis*, 523 Pa. 30, 565 A.2d 122 (1989), in support of its holding that the City had no duty to erect a fence. In both of those cases a child passed through a hole in a fence which was erected by a city, and thereby moved onto land owned by a third party. In each case the child was then injured by a train traveling across the third party's land.

The rule set forth in *Gardner* and *Scarborough* is as follows:

[T]he city has no common law duty to erect or repair its fences, at least as to plaintiffs who are injured on neighboring land, not on or by city property.

*Gardner*, 524 Pa. at 450, 573 A.2d at 1018.

This rule is controlling here because the facts in the case at bar parallel the facts in *Gardner* and *Scarborough*. The rule enunciated in *Gardner* and *Scarborough* requires that

the plaintiff not be injured by the City's property. The question is one of causation. The City-owned and City-maintained creek bed, channel walls and ledge did not cause David's injury. David's injury was caused by the fall from Conrail's right of way. It is undisputed that David was injured when he fell from land within Conrail's right of way.[2]

This case is analogous to *Gardner* and *Scarborough* because in those cases, the children were not injured by the fence or the lack thereof, but rather by the train which was not under the control of the city. In the case at bar, as in *Gardner* and *Scarborough,* the City had no duty to erect a fence in or around Conrail's right of way. Because there is no duty, no cause of action in negligence exists against the City. Absent a cause of action, the City is immune from suit under subsection 8542(1) of the Act.

As to the second issue, Conrail argues that this court should grant summary judgment in its favor because David was a trespasser, not a licensee, to whom Conrail owed no duty, and because David assumed the risk of injury. Conrail submits that this court may affirm the grant of summary judgment to the City if it also grants summary judgment to Conrail on the ground that Conrail is not liable to the Shirks as a matter of law. Conrail is actually asking this court to review the denial of Conrail's motion for summary judgment. The denial of a motion for summary judgment is an interlocutory order which is not appealable. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978); Pa.R.A.P. 311 and 341. Therefore, this court is without jurisdiction to review the denial of Conrail's motion for summary judgment.

Accordingly, we affirm.

**2.** Conrail also argues that the trial court's determination that David fell from one of the Conrail bridges spanning the creek is not supported by the evidence. However, whether David fell from one of the Conrail bridges, or from land situated between or beside the bridges, it is an undisputed fact that he fell from within Conrail's right of way. David was not on City property when he fell.