610 A.2d 509

Mary PHILLIPS

v.

**CITY OF PHILADELPHIA and Pennsylvania Department of Transportation.**

**Appeal of CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided May 22, 1992.

Marie Lasota, Asst. City Sol., for appellant.

Ronald Ziegler, for appellee.

Before PALLADINO, and FRIEDMAN, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia (City) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which denied the City's motions for a directed verdict, judgment notwithstanding the verdict (j.n.o.v.) and a new trial and entered judgment in favor of Mary Phillips (Appellee).

Appellee filed a complaint against the City and the Pennsylvania Department of Transportation (DOT) seeking money damages for injuries which she sustained when she stepped on debris in and around a pothole in the 7900 block of Bustleton Avenue [1] in the City. Appellee's foot sank into the pothole, causing her to fall and to injure her teeth and her wrist.

---

1. Bustleton Avenue at the site of the accident is a state highway, otherwise known as Legislative Route 67322, which was adopted as such by the state pursuant to section 201 of the State Highway Act (Highway Act), Act of September 18, 1961, P.L. 1389, *as amended*, 36 P.S. § 1758–201.

Appellee settled with DOT, and the case proceeded to trial before a jury with the City as the sole defendant. The jury found the City to be sixty percent negligent and awarded the Appellee $25,000.00 in damages. The jury's verdict was molded by the trial court to $15,000.00. The City filed post-trial motions which were denied.

On appeal,[2] the City raises the following issues: 1) whether the trial court erred by not granting j.n.o.v. in its favor because Appellee has failed to establish that a statutory or common-law cause of action in negligence exists and that none of the exceptions to governmental immunity are applicable; and 2) whether the trial court erred when it refused to grant a new trial because the trial court a) failed to charge the jury about the City's liability where a dangerous condition was obscured by debris, b) incorrectly charged the jury that a contract existed between the City and DOT which required that the City maintain the street, and c) incorrectly charged the jury on the issue of whether the jury could award damages for pain and suffering.

On the issue of whether the trial court should have granted j.n.o.v., the City argues that no statutory cause of action exists, and that Appellee has failed to show that there is a common-law duty on the part of the City to maintain a state-owned street.

The City relies on its immunity from suit pursuant to sections 8541 and 8542 of what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541–8542.

Those sections provide, in pertinent part, as follows:

§ 8541. **Governmental immunity generally** Except as otherwise provided in this subchapter, no local agency shall

**2.** Our scope of review of an order denying j.n.o.v. is to determine whether there was sufficient competent evidence to sustain the verdict, granting the verdict winner the benefit of every reasonable inference to be drawn from the evidence and rejecting all unfavorable testimony and inferences. *Wareham v. Jeffes,* 129 Pa.Commonwealth Ct. 124, 564 A.2d 1314 (1989). Our scope of review of an order denying a new trial is to uphold that order unless the trial court abused its discretion or erred as a matter of law. *Id.*

be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

§ 8542.  **Exceptions to governmental immunity (a) Liability imposed.**  A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)....

■  For the City to be liable in this case, there must exist a cause of action at common law which allows recovery of damages and one of the exceptions must be met.  *See Consolidated Rail Co. v. Shirk,* 143 Pa.Commonwealth Ct. 422, 599 A.2d 262 (1991).  The elements of a cause of action in negligence are (1) a duty, recognized by law, requiring the actor to conform to a certain standard of conduct;  (2) a failure to conform to that standard;  (3) a causal connection between the conduct and the resulting injury;  and (4) actual loss or damage to the interests of another.  *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).  Once the existence of a cause of action in negligence has been established, Appellee has the burden of showing that the requirements of one of the exceptions to governmental immunity have been met.

The exception relied upon by the Appellee is the streets exception set forth below.

**(b) Acts which may impose liability.** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(6) Streets.—

. . . .

(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all the following conditions are met:

(A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such street and the contract either:

(i) had not expired or been otherwise terminated prior to the occurrence of the injury; or

(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

In arguing that the trial court erred in refusing to grant j.n.o.v., the City maintains that Bustleton Avenue is a state highway and that the City had no duty to clean it. The City contends that, even if it had a duty to clean Bustleton Avenue, Appellee has not shown the streets exception to be applicable.

Assuming *arguendo*, that a cause of action in negligence has been established by Appellee, as the trial court held, it is clear that Appellee also must establish that all three of the condi-

tions of the streets exception were met. Subsection 8542(b)(6)(ii) clearly states that the exception applies only if *"all* of the ... conditions are met." (Emphasis added.)

With respect to the first condition of the streets exception, set forth in subsection 8542(b)(6)(ii)(A), the City argues that Appellee has failed to prove that there was a written contract between the City and a commonwealth agency which required the City to maintain and repair the state-owned street, and argues that, in fact, no such contract existed.

The trial court ruled, incorrectly, that the lack of proof of a contract between the City and DOT was not fatal to Appellee's claim because section 205 of the Highway Act, 36 P.S. § 1758–205, created a duty on the part of the City to clean Bustleton Avenue. Section 205 states the following:

**Snow removal; street cleaning; portion of street maintained**

The maintenance of said streets authorized under the provisions of this act shall not include snow removal or street cleaning [by the commonwealth] and shall be limited to the portions of the street between existing curb lines available to vehicular traffic.

The trial court held that this section, when read in conjunction with section 5–500(c) of the Philadelphia Home Rule Charter (Charter), 351 Pa.Code § 5.5–500(c) satisfies the first condition of the streets exception. We disagree. Section 5–500(c) provides that the City Department of Streets shall:

itself, or when specifically authorized by Council, by contract clean, and sand City streets, remove and dispose of ashes, garbage and refuse, remove and dispose of ice and snow from City streets, design, construct, repair, maintain and operate incinerators or other plants or equipment for the disposition of ashes, garbage and refuse, and administer and enforce statutes, ordinances and regulations for maintaining the cleanliness of City streets.

Although it could be argued that the Charter creates a statutory duty on the part of the City, which would form the basis for a cause of action in negligence, the Charter itself

does not create a contractual duty on the part of the City to maintain and repair all streets in the City which have been adopted by the state.

The "exceptions to the rule of immunity are to be narrowly interpreted given the express legislative intent to insulate political subdivisions from tort liability." *Farber v. Pennsbury School Dist.*, 131 Pa.Commonwealth Ct. 642, 646, 571 A.2d 546, 548 (1990). Subsection 8542(b)(6)(ii)(A) clearly contemplates a written contract between the City and a commonwealth agency "for the maintenance and repair by the local agency of such street and the contract either (i) had not expired or been otherwise terminated prior to the occurrence of the injury; or (ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work." [3]

The Highway Act and the Charter do not constitute such a contract; therefore, we hold that the streets exception to immunity is not applicable in this case, and the City is therefore immune from suit.

Accordingly, we reverse and the case is remanded to the trial court for the entry of j.n.o.v. in favor of the City in accordance with the foregoing opinion.[4]

## ORDER

AND NOW, May 22, 1992, the order of the Court of Common Pleas of Philadelphia County (trial court) in the above-captioned matter is reversed and this case is remanded

---

3. Compare subsection 8542(b)(6)(ii) with subsection 8542(b)(6)(i), which does not include a contract requirement, and which imposes liability upon the City when the City, as opposed to the state, owns the street in question. Subsection 8542(b)(6)(i) provides as follows:

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could be reasonably charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

4. Because of our resolution of the first issue, it is not necessary for us to address the second issue.

to the trial court for the entry of j.n.o.v. in favor of the City of Philadelphia in accordance with the attached opinion.