612 A.2d 630

**Jean Serrano ROBINSON, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided July 7, 1992.

Robert M. Sitoski, for appellant.

Marie C. LaSota, for appellee.

Before CRAIG, President Judge, and McGINLEY and KELLEY, JJ.

KELLEY, Judge.

Jean Serrano Robinson appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied Robinson's post-trial motion for removal of a compulsory nonsuit and the grant of a new trial in favor of the City of Philadelphia (city). We reverse.

Robinson commenced an action against the city for injuries she sustained when she tripped and fell at the intersection of Fifth and Lombard Streets in Philadelphia on September 12, 1984.[1] Robinson was in the middle of the intersection when she noticed an automobile making an unlawful right-hand turn from Fifth Street onto Lombard, and heading directly toward her. When Robinson tried to avoid the automobile by stepping to her right, she tripped on the exposed rim of a manhole.

Robinson alleges she sustained serious injuries as a result of her fall. Her principle theory of liability before the trial court was that because the manhole cover was approximately two-and-one-half inches below the level of the street, the rim of the manhole was exposed creating a hazard which the city negligently allowed to exist. At trial on February 26, 1991, Robinson called James Phillip Clement, an employee of the city sewer department, as on cross-examination in an attempt to establish that the manhole in question was owned by the city.

Robinson's counsel questioned Clement regarding several drainage plat plans introduced as trial exhibits P–6A–6C, Reproduced Record (R.) at 87a., and limited the scope of his questions to establishing the existence and location of the manhole. Robinson also introduced Clement's pre-trial deposition testimony regarding the existence and location of the manhole in an effort to impeach Clement's testimony at trial.[2]

1. Lombard Street is a city-owned one-way street running in a westerly direction. Fifth Street is a state-owned highway, which runs in a northerly direction, and is also a one-way street.

2. Clement stated as follows in his pre-deposition:

Following the cross-examination of Clement by Robinson's counsel, Clement stated to the judge that he "would like to offer one thing, and hopefully, in clarification of the entire matter." R. at 100a. Claimant's counsel objected because Clement had not been asked a question. *Id.*

The city's counsel then asked to be permitted "a couple of questions." *Id.* When the city's counsel asked Clement if Robinson's counsel had requested during Clement's deposition that he go to the location of the accident, Robinson's counsel objected claiming that this questioning went beyond the scope of his questioning of Clement. The trial judge permitted the city's counsel to proceed with this line of questioning, stating: "Well, he can call him as his own witness right now." R. at 101a.

Clement then testified that at his March 19, 1990 deposition, Robinson's attorney had demanded that he go to the location of the manhole. He also stated that at some point thereafter, he, the city's counsel, and a representative of Robinson's counsel's office went to the site of the accident. Clement testified that he removed the cover from the manhole, identified as the one on which Robinson had tripped, and determined that the manhole was not owned by the City. R. 102a.

Robinson's counsel resumed cross-examination of Clement, offered the testimony of another witness, then rested its case-in-chief. The city subsequently made an oral motion for a compulsory nonsuit which the court, after considering the arguments of both parties, entered in favor of the city.

Robinson filed post-trial motions for removal of the nonsuit, which the trial court denied, based on a determination that Robinson had not introduced sufficient evidence to establish the elements necessary to maintain an action. *Morena v. South Hills Health Systems,* 501 Pa. 634, 462 A.2d 680 (1983). Specifically, the trial court found that although Clement's

'On this particular plat there is what I would say is possibly a manhole. It's a bit distorted. It is not as clear as I would like it to be to make a positive identification. It would appear to me that indicates the manhole.'
R. at 97a.

testimony established that the manhole in question was located on a city-owned street, it did not establish that the city owned the manhole. In addition, the trial court determined that Robinson had failed to prove that the city had actual or constructive notice of a dangerous condition of Lombard Street or the manhole. This appeal followed.

■ The issues presented by Robinson for our review may properly be summarized as whether the trial court erred in granting the city's motion for nonsuit after the city had offered evidence constituting a defense to the cause of action by exceeding the proper bounds of examination of Clement. This court's scope of review in an appeal from a trial court's denial of a motion to remove a compulsory nonsuit and to grant a new trial is limited to determining whether the trial court abused its discretion or committed an error of law. *Henry v. McCrudden,* 133 Pa. Commonwealth Ct. 231, 575 A.2d 666, *appeal denied,* 526 Pa. 651, 585 A.2d 470 (1990).

■■ Rule 230.1 of the Pennsylvania Rules of Civil Procedure provides as follows:

> In a case involving only one defendant, at the close of plaintiff's case on liability and before *any* evidence on behalf of the defendant has been introduced, the court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. If the motion is not granted, the trial shall proceed. If the motion is granted, the plaintiff may file a written motion for the removal of the nonsuit.

Pa.R.C.P. No. 230.1 (emphasis added). A motion for a compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence. *Atlantic Richfield Co. v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978). A judgment of nonsuit can be entered only in clear cases, and a plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in the plaintiff's favor. *Morena.*

■ The Pennsylvania Supreme Court stated as follows in *Atlantic Richfield* with regard to the imposition of a compulsory nonsuit:

> Our cases have strictly enforced the terms of the Act,[3] prohibiting the trial court from granting the motion where the defendant offers evidence either during the plaintiff's case, ... or after it. We have even held that where the defendant exceeds proper bounds of cross-examination so as to elicit matters constituting a defense to the cause of action, the trial court is without authority to enter a nonsuit. (Citations omitted.)

The rule expressly limits the court's authority to grant a nonsuit in those instances where a defendant has offered no evidence to assure that the trial court considers the motion only on the basis of evidence favorable to the plaintiff. *Id.*

The city refers to Clement as its own witness in its argument to the trial court in support of its oral motion for a compulsory nonsuit. R. at 178a. Although it is unclear whether the city actually called Clement as its own witness during plaintiff's case, since the trial judge stated only that the city could call him as its witness at that time, there can be no question that the city was permitted to elicit matters constituting a defense to Robinson's cause of action; i.e., evidence regarding ownership of the manhole.

The city argues that the trial court did not err in granting a nonsuit after permitting Clement's testimony, but if it did, such error was harmless because Robinson had failed to meet her burden of proof as to the ownership of the manhole. We disagree.

■ Rule 230.1 establishes several distinct elements to be met before a nonsuit may be granted. One is that the plaintiff's case on liability must be closed. Another is that nonsuit must be requested before any evidence on behalf of the defendant has been introduced. A third is that the

---

3. The Act referred to here was the Act of March 11, 1875, P.L. 6, § 1, *as amended,* formerly 12 P.S. § 645 (Supp.1978), which was repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, effective June 27, 1980.

plaintiff must have failed to establish a right to relief. The city, relying solely on the fact that Robinson failed to prove that it owned the manhole, argues that we should affirm the trial court's denial of Robinson's motion to remove the nonsuit because Robinson failed to establish a right to relief.[4]

The city's interpretation of Rule 230.1. and of *Atlantic Richfield* is flawed because it ignores that portion of the rule regarding its presentation of evidence, and would render that language superfluous.[5] After the city presented evidence, the question of whether Robinson established a right to relief is irrelevant. Regardless of what Robinson proved or failed to prove, the fact remains that the city presented evidence constituting a defense to Robinson's cause of action. After allowing this testimony, the trial court was expressly prohibited by Rule 230.1 from entering a nonsuit in this case.

Accordingly, we reverse and remand for a new trial.

### ORDER

NOW, this 7th day of July, 1992, the order of the Court of Common Pleas of Philadelphia County, dated May 30, 1991, at No. 1845, is reversed and this case is remanded for a new trial.

Jurisdiction relinquished.

---

**4.** Although the Supreme Court entertained a similar argument in *Atlantic Richfield*, it did not, as the city suggests, state that if a plaintiff's evidence is insufficient to establish a right to relief, the trial court's consideration of a defendant's evidence constitutes harmless error in granting a nonsuit. To the contrary, the *Atlantic Richfield* court specifically stated that the rules regarding compulsory nonsuit are to be strictly enforced.

**5.** We note in this regard that Clement was a city witness, that the trial court admitted that it had allowed Clement to testify beyond the scope of examination by Robinson's counsel, R. 103a, and that the city conceded this point on p. 14 of its brief. In addition, the city's counsel expressly relied on testimony he had elicited from Clement regarding ownership of the manhole in arguing for a nonsuit. R. at 178a.