Pasquale LEONE and Mary Ann Leone, h/w, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and Philadelphia Gas Works and Southeastern Pennsylvania Transportation Authority,

v.

John Ciervo, d/b/a John Ciervo Plumbing and Heating,

v.

John Rogalski and Edwin Rogalski,

v.

Broderick Contracting and City of Philadelphia.

Pasquale LEONE and Mary Ann Leone, h/w, Appellants,

v.

City of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued March 6, 2001.

Decided July 9, 2001.

Iris S. Pincus, Philadelphia, for appellants.

Alan C. Ostrow, Philadelphia, for appellees.

Before DOYLE, President Judge, KELLEY, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Pasquale Leone (Leone) and Mary Ann Leone (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), which granted the motion for non-suit presented by the City of Philadelphia (City), thus dismissing Appellants' negligence action against the City.

In December 1995, the City received notice of a water leak on Torresdale Avenue, a state highway, in the City of Philadelphia. Following inspection of the leak, the City determined that the source of the leak was piping in front of private property owned by John and Edwin Rogalski. The Rogalskis contracted John Ciervo to repair the leak who in turn subcontracted Broderick Contracting to perform the work.[1]

---

1. The Rogalskis, Ciervo and Broderick Contracting were all joined as party defendants along with SEPTA, PennDot and Philadelphia Gas Works (PGW) given their interests in the surrounding properties and infrastructure. However, the Rogalskis, SEPTA, PennDot and PGW were dismissed as defendants during the early stages of this litigation, which left only the City, Ciervo and Broderick as defendants.

On February 12, 1996, PennDot notified the City that a plumber's ditch had been left in an unsafe condition. The plumber's ditch originated on the private property and extended partially into Torresdale Avenue. The ditch had been left covered with a mound of dirt rising about three inches above ground level. On the date that PennDot received the notice, a City employee attempted to repair the plumber's ditch but could not complete the repair due to the frozen condition of the ground and a car being parked over the area. Although the employee reported to the City that he had only made a partial repair, the City's records reflected that the ditch had been made safe.

On March 25, 1996, Leone, a polio sufferer since age two, parked his car over the unrepaired ditch and tripped over the mound of dirt causing him to fall and injure his right knee. Leone initiated a timely negligence action against the City and the Commonwealth of Pennsylvania. The Commonwealth joined Ciervo, Broderick and other defendants who have since been removed. At the close of Appellants' case, the City moved for a non-suit asserting that Appellants had failed to prove that the City was liable under either the utility or street exceptions to what is commonly called the Political Subdivision Tort Claims Act (Act). On January 2, 2000, the trial court granted the City's motion and discharged defendants Ciervo and Broderick. Appellants filed a motion for post-trial relief, arguing that the trial court erred in granting the non-suit. The trial court denied the motion and Appellants now appeal to our Court.

■ Our scope of review in an appeal from a trial court's denial of a motion to remove a nonsuit and to grant a new trial is limited to determining whether the trial court abused its discretion or committed an error of law. *Robinson v. City of Phil-*

*adelphia,* 149 Pa.Cmwlth. 163, 612 A.2d 630, 632 (1992) (citing *Henry v. McCrudden,* 133 Pa.Cmwlth. 231, 575 A.2d 666 (1990), *appeal denied,* 526 Pa. 651, 585 A.2d 470 (1990)). The standard for reviewing a decision to grant a nonsuit is well established. A nonsuit may not be granted unless, viewing all the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, the jury could not reasonably conclude that the elements of the cause of action have been established. *Orner v. Mallick,* 432 Pa.Super. 580, 639 A.2d 491 (1994). Further, a nonsuit is valid only in a clear case where the facts and circumstances lead to only one conclusion, the absence of liability. *Harvilla v. Delcamp,* 521 Pa. 21, 555 A.2d 763 (1989).

■ In order to establish a cause of action for negligence, a plaintiff must prove the following elements: (1) a defendant's duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

Appellant contends that the trial court erred in determining that Appellants could not make out a negligence claim under the utility or city streets exceptions to the Act and in admitting a City exhibit into evidence after the nonsuit was granted. The City contends that Appellants waived their appeal arguments by failing to present them to the trial court either when the motion was granted or through a post-trial motion for reconsideration.

■ Section 8541 of the Act, 42 Pa. C.S. § 8541 provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or prop-

erty caused by an act of the local agency or an employee thereof or any other person." The expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires courts to interpret the exceptions to governmental immunity narrowly against injured plaintiffs. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). Any harm caused by acts of third parties are outside Section 8541's scope of liability and thus, may not be imputed to the local agency or its employees. *Id.*

■■■■ As a general rule, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. *Ortiz v. Ra–El Development Corp.,* 365 Pa.Super. 48, 528 A.2d 1355 (1987); Restatement (Second) of Torts § 409 (1965). The utility exception to local governmental immunity as set forth in Section 8542(b)(5) of the Act provides:

> (b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . .
>
> (5)Utility service facilities.—A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the

event to have taken measures to protect against the dangerous condition.

In order for a claimant to recover under this exception, the claimant must prove a dangerous condition of the utility system not only owned by the City but also located within the City's rights-of ways. A review of the record reveals that the leak was on private property and not on property owned by the City. Thus, the trial court was correct in determining that Appellants failed to present evidence that a utility owned by the City was the source of Leone's injury and that the utility exception to the Act did not apply.

■■■■ Next, Appellant contends that the streets exception to the Act applies. The streets exception to the Act provides [2]:

> (6) Streets.—
>
> (i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.
>
> (ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:
>
> > (A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either:

**2.** Although the City appears to be correct that Appellants failed to assert the street exception to the Act, given the Appellants' failure to satisfy the elements necessary to invoke the street exception, we will dispose of the issue on the merits rather than dismiss it on waiver grounds.

(i) had not expired or been otherwise terminated prior to the occurrence of the injury; or

(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6).

Under the streets exception to the Act, the City is liable for injury resulting from a dangerous condition of the streets that are owned or under the jurisdiction of a Commonwealth agency, if the City has entered into a written contract with the Commonwealth agency for the City to assume maintenance and repair responsibility for the streets, and provided that the contract was still valid and in effect at the time of injury.

A review of the record reveals that Appellants failed to present any evidence that the Commonwealth had contracted with the City for the maintenance and repair of Torresdale Avenue, a state highway. Further, the correspondence between Penn-Dot and the City does not represent a contractual relationship regarding road maintenance as required to invoke the street exception. Thus, the trial court was correct in determining that Appellants cannot invoke the streets exception to the Act.

Finally, Appellant contends that the trial court erred in admitting evidence concerning the immunity exceptions following the grant of the non-suit. We agree, however, waiver does appear to be applicable in this situation. While the trial court's procedural irregularity in admitting such evidence is clearly error, Appellants failed to raise any objection to its admission at the time of the trial. The purpose of the waiver rule is to place a burden on parties to be prepared at trial to litigate the case fully and create a complete record capable of review. This process ensures the efficient use of judicial resources. To permit a party to benefit when it has failed to timely assert its rights during the trial denies the trial court the opportunity to correct its error and results in an inefficient judicial process. Appellants waived their right to a remedy when they failed to timely object.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of July, 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.